McCARTHY et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 10, 1911.)

No. 209.

**1.** POST OFFICE (§ 35*)—USING THE MAILS TO DEFRAUD—ELEMENTS OF OFFENSE.

To constitute the offense of using the mails to carry into effect a scheme to defraud, within Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), it is not necessary that there should be actual misrepresentation as to an existing fact; but it is sufficient if the representations made were intended and calculated to deceive and defraud.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*]

**2.** POST OFFICE (§ 50*)—PROSECUTION FOR USING MAILS TO DEFRAUD—INSTRUCTIONS.

Instructions approved in a prosecution for using the mails to defraud.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 50.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Charles McCarthy and Albert P. Stewart were convicted of using the mails to defraud, and bring error. Affirmed.

Herbert Reeves, for plaintiffs in error.

William J. Youngs, U. S. Atty. (William A. Moore, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Defendants were officers of a real estate company, which owned a tract of land containing about 194 acres, lying north of the Long Island Railroad tracks, half a mile from Westhampton Station. The tract was a sandy waste covered with scrub oak, wholly unimproved, and not laid out except on paper. In order to secure purchasers of lots 25x100 feet, defendant arranged to have coupons distributed with theater tickets at performances held in different parts of the country. Those receiving such coupons were requested to write their names and addresses thereon and to deposit them in a box kept for that purpose. Thereafter the person who had thus given his address received through the mails a letter stating that he would be given a free lot, upon his paying for the deed and recording ($6), and might purchase an adjoining lot for $50, which was said to be one-half the regular price. Thereafter he was supplied with literature and maps giving such a description of the property and surroundings as might induce him to accept the offer.

[1] The first alleged error argued in the brief is that the court refused to direct a verdict for the defendants, on the ground that there was no evidence establishing that any fraudulent scheme had been devised or operated. It is not necessary to reproduce the circulars, maps, and bird's-eye views which were exhibited to persons who responded

to the first request. Without containing an absolute misstatement as to any single fact, the whole description was carefully devised to lead prospective purchasers, resident some of them in distant states, to suppose that the "Park" was practically an extension of the well-known "Westhampton Beach," with its churches, schools, electric light, etc., and that it was a "suburban district of Greater New York." Section 5480, Rev. St. (U. S. Comp. St. 1901, p. 3696), has been construed by the Supreme Court in Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709, as follows:

"It was with the purpose of protecting the public against all such intentional efforts to despoil, and to prevent the post office from being used to carry them into effect, that this statute was passed, and it would strip it of value to confine it to such cases as disclose an actual misrepresentation as to some existing fact, and exclude those in which there is only the allurement of a specious and glittering promise."

Enough was shown to send the case to the jury to decide whether the scheme involved a device reasonably calculated to deceive persons.

[2] Error is assigned to the refusal to charge:

"That to convict the defendants, or either of them, of the crime charged in this indictment, the jury must find that material false and fraudulent representations are contained in the case."

To this request the court replied:

"They must find that there was an intent to deceive, and unless the misrepresentations were material, amounted to something, it would be absurd to find that they were intended to deceive; but that is for the jury to say, rather than for me to charge:"

To this limitation of the request defendant excepted. The court had already charged:

"The question you have to consider is whether these defendants planned and intended, or tried to plan, a method by which they could use the mails in getting people to communicate with them, or come into communication with them, and they could get in touch with people, so these people would be deceived or misled into paying or sending money for some article of value to these defendants under ideas not justified by the facts as they actually existed."

This was entirely in accord with Durland v. U. S., supra, and all that defendants were entitled to ask.

We find no error in admitting testimony as to the value of the land per acre.

The judgment is affirmed.